COMMONWEALTH *vs.* HENRY N. STONE.

Worcester.    September 29, 1890. — November 26, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Indictment — Subornation of Perjury — Allegation of Residence —
Variance.*

In an indictment for subornation of perjury, it is not necessary to allege the residence of the person whose testimony is suborned, but such residence, if alleged, is descriptive of the offence, and must be proved as stated.

INDICTMENT alleging that the defendant, at a hearing in the Probate Court holden at Worcester in the county of Worcester in this Commonwealth, procured " Laura A. Fairbanks of Worcester in said county of Worcester " to commit perjury.   At the trial in the Superior Court, before *Aldrich,* J., one Laura A. Fairbanks, who was admitted to be the person described in the indictment as of Worcester in this Commonwealth, testified, without contradiction, that at the time she testified in the Probate Court her residence was in Brookline in the State of New Hampshire, and has been there since.   The judge declined to rule, as requested by the defendant, that " there is a variance between the evidence and the allegations of the indictment in this, that the indictment alleges perjury by Laura A. Fairbanks of Worcester, in the county of Worcester in the Commonwealth of Massachusetts, and the evidence tends to prove perjury only by Laura A. Fairbanks of Brookline, New Hampshire."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. S. B. Hopkins & F. B. Smith,* for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

DEVENS, J.    The gist of the charge in the indictment is, that the defendant procured Laura A. Fairbanks to commit perjury in the trial therein described.    The Laura A. Fairbanks who testified in the Superior Court, it was admitted, was the same person who had testified in the Probate Court where the perjury was alleged to have been committed, nor did it appear whether there was any person of the same name who was a resident of

Worcester. The indictment described the Laura A. Fairbanks whom the defendant was charged with suborning as " of Worcester in said county of Worcester " in this Commonwealth. This was an allegation that she was a resident of Worcester, and the uncontradicted evidence was that the person who had testified in the Probate Court, and also in the Superior Court, was at the time and since a resident of New Hampshire.

It has been held that where a person necessarily mentioned in an indictment is erroneously described as George E. Allen instead of George Allen, or Nathan S. Hoard instead of Nathan Hoard, or the Boston and Worcester Railroad Company instead of the Boston and Worcester Railroad Corporation, the variance is fatal, unless it shall be shown that the person so named is known by the one name as well as the other, as the correct description of such person is necessary to identify the offence. *Commonwealth* v. *Shearman*, 11 Cush. 546. *Commonwealth* v. *Pope*, 12 Cush. 272. *Commonwealth* v. *McAvoy*, 16 Gray, 235. Where a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, the circumstances of the description are to be proved, as they are made essential to its identity. Thus, in an indictment for stealing a horse, its color need not be mentioned ; but if it is stated, it is made descriptive of the animal, and a variance in the proof of its color is fatal. 1 Greenl. Ev. § 65. 3 Stark. Ev. (4th Am. ed.) 1530. *Commonwealth* v. *Wellington*, 7 Allen, 299. *State* v. *Noble*, 15 Maine, 476. *Rex* v. *Craven*, Russ. & Ry. 14.

Where circumstances are not descriptive of the crime, a discrepancy between them as alleged and as proved is not important, but in the case at bar the description of the person whom the defendant was charged with suborning was essential to this identity. While it was not necessary to have described this person by her residence, when this allegation was introduced it was to be proved, as it was this person whom the defendant was charged with suborning. In an action for malicious prosecution of the plaintiff upon a charge of felony, before Baron Waterpark of Waterfork, a magistrate of the kingdom of Ireland, it was held that proof of a prosecution before Baron Waterpark of Waterpark was a fatal variance. *Walters* v. *Mace*, 2 B. & Ald. 756. If, therefore, Fairbanks was not a resident of Worcester,

but of New Hampshire, the defendant was entitled to a ruling that there was a variance between the allegation of the indictment and the proof.

The Pub. Sts. c. 213, § 16, provide that certain defects of form, as by reason of the omission or misstatement of the degree, occupation, &c. of the defendant, or of his place of residence, shall not vitiate the indictment, but it has made no such provision in regard to others necessarily mentioned therein. In general, it may be said that a misnomer, or other misdescription of a defendant, has always been deemed of less importance than that of one necessarily mentioned in the description of the offence, as the defendant may plead in abatement if he deems the matter of sufficient importance. The Pub. Sts. c. 205, §§ 5, 6, also, which prescribe or rather modify the common law form of the indictment for perjury and subornation of perjury, do not suggest that there is to be any further latitude in the description of the person whose testimony has been alleged to be suborned than that which has heretofore been permitted.

*Exceptions sustained.*